J. Curtis Edmondson, CSB# 236105
Edmondson IP Law
Venture Commerce Center
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) Case No.: 2:18-cv-02637-MCE-CKD |
|  | ) |
| Plaintiff, | ) **DEFENDANT JOHN DOE'S** |
|  | ) **NOTICE OF MOTION AND** |
| vs. | ) **MEMORANDUM IN SUPPORT OF** |
|  | ) **THE MOTION TO QUASH THE** |
| JOHN DOE subscriber assigned IP | ) **SUBPOENA ON AT&T AND FOR A** |
| address 99.185.0.103 | ) **MODIFICATION OF THE ORDER AT** |
|  | ) **DOCKET 7** |
|  | ) |
| Defendant | ) Judge: Hon. Carolyn K. Delaney |
|  | ) Hearing Date: Wednesday, January 30, 2019 |
|  | ) Hearing Time: 10am |
|  | ) |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE:**

Pursuant to the Fed. Rules of Civ. Proc.45(d)(3)(iii), the Court's inherent authority to manage its own proceedings under Fed. Rules of Civ. Proc.1, the recent Ninth Circuit Decision in *Cobbler Nevada  vs. Gonzales,*  17-35041 ( 9th Cir August 27, 2018 attached as Ex 1), and the recent District Court decision in *Strike 3 Holdings, LLC vs. John Doe subscriber assigned IP Address 73.180.154.14,*  18-1425 (USDC DC November 16, 2018 attached as Ex 2 hereinafter *Strike 3 DC Decision* ), JOHN DOE subscriber assigned IP address 99.185.0.103 ("DOE") moves to quash the subpoena served on AT&T and requests modification of this Court's order at Docket 7.

NOTICE OF APPEARANCE

This motion will be heard in the United States District Court for the Eastern District of California, before the Hon. Carolyn K. Delaney, in Courtroom 24, 8th Floor, on January 30th, 2019 at 10am, located at the Robert T Matsui United States Courthouse, 501 I Street, Sacramento CA  95814.

This motion will be based on this notice, the memorandum of points and authorities, and any reply papers, oral arguments, and any documents that may be judicially noticed by this Court.

Respectfully Submitted

Dated: December 16, 2018

_____

J. Curtis Edmondson
Edmondson IP Law
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Email: jcedmondson@edmolaw.com
Attorney for DOE

//

//

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      SUMMARY

DOE respectfully requests that this Court enter an order quashing the subpoena on AT&T. The recent Ninth Circuit Decision in *Cobbler Nevada vs. Gonzales* states that Plaintiff  Strike 3 Holdings, LLC ("S3H") must allege "something more" than simply "*torrenting activity is linked to an IP address*."

S3H's declarations in the Ex-Parte motion (Docket 6-1) do not allege anything more than what the insufficient complaint (Docket 1) under *Cobble*r.    DOE also respectfully requests that this Court follow the Strike 3 DC Decision and vacate its earlier order at Docket 7.

To the extent that S3H desires to backstop their complaint, then DOE requests a full evidentiary hearing be conducted to determine if the methodology used by S3H is sufficient under Cobbler before a subpoena is served on DOE.

### II.      RELEVANT FACTS

S3H is the owner of several pornographic movies.   (Docket 1) S3H claims that a computer connected to an IP address has used the bittorrent protocol over the internet to infringe their works. *Id.*    S3H claims it has suffered damage. *Id.*

S3H claims that its monitoring system is accurate, but still needs a subpoena on the ISP to identify the identity of the purported infringer. (Docket 6).

DOE is a widower in his[1] 70's.  DOE speaks limited English and is unaware of the films at issue in this case.   DOE has limited experience with computers.

On December 7, 2018, DOE's counsel sent the following email to counsel for Strike 3 Holdings:

---

[1] In the interests of privacy, counsel will refer to DOE in male gender, but this is not an admission of particular gender at this stage.

NOTICE OF APPEARANCE

*Lincoln,*

      *I have appeared in the above referenced case. I can represent my client is elderly and has no idea what this case is about. I respectfully ask that you dismiss this action by December 12th, 2018 so that my client can enjoy the December holiday season in peace.*

*In Best Regards,      J. Curtis Edmondson*

Counsel for S3H did not respond to this email.

On December 10, 2018, the clerk of this Court requested times and dates for an informal conference from all counsel.  (See Docket 7).   Counsel for DOE provided these dates on December 10, 2018.

The return date for the AT&T subpoena is December 17, 2018.  DOE's counsel has given notice to the ISP (AT&T) of this motion.

## III.    <u>ARGUMENT</u>

### a.    <u>I<span style="font-variant:small-caps">F</span> S3H'<span style="font-variant:small-caps">S</span> C<span style="font-variant:small-caps">OMPLAINT FAILS UNDER</span> C<span style="font-variant:small-caps">OBBLER, THE</span> S<span style="font-variant:small-caps">UBPOENA</span> O<span style="font-variant:small-caps">N THE</span> ISP <span style="font-variant:small-caps">MUST</span> A<span style="font-variant:small-caps">LSO</span> F<span style="font-variant:small-caps">AIL.</span></u>

The purpose of discovery is to gather facts after a complaint has been filed provided that the discovery is proportional to the needs of the case.  See *Fed. Rules of Civ. Proc 26*, Committee Notes on Rules – 2015 Amendment.  But it is the complaint itself that provides the basis for subpoena power under Rule 45.  If the complaint is deficient under Ninth Circuit law, then a subpoena should not issue.

The *Cobbler* court stated the rule of law on bittorrent litigation:

      In this copyright action, we consider whether a bare allegation that a defendant is the registered subscriber of an Internet Protocol ("IP") address associated with infringing activity is sufficient to state a claim for direct or contributory infringement. We conclude that it is not.

*Cobbler's* complaint alleged following:

NOTICE OF APPEARANCE

"the subscriber of the IP address used to download or distribute the movie, and that he was sent notices of infringing activity to which he did not respond." *Cobbler* at 5.

S3H's complaint barely alleges even as much as in *Cobbler*:

"Defendant used the BitTorrent file network[2] to illegally download and distribute Plaintiff's copyrighted motion pictures." Docket 1 at ¶ 24

It is entirely appropriate that this Court quash and/or modify order at Docket 7 allowing the subpoena. First, there is no mention made of *Cobbler* in the order. *Id.* Second, Counsel for S3H failed to cite to *Cobbler* in their *ex-parte* motion. (Docket 6). Since S3H's *ex-parte* motion was filed on October 26, 2018, almost two months after *Cobbler* was filed, S3H's counsel was aware of this decision as early as October 2, 2018 (see *Strike 3 Holdings v. John DOE, subscriber assigned IP address 73.225.38.130,* 2:17-cv-01731-TSZ, WDWA 10/2/2018 at Docket 57). S3H had an obligation to bring *Cobbler* to the Court's attention in its motion.

Given that this Court is now aware of the holding of *Cobbler*, DOE respectfully requests that the Court reconsider its earlier order and quash the subpoena on AT&T.

b. **DOE RESPECTFULLY REQUESTS THAT THIS COURT QUASH THE SUBPOENA BY FOLLOWING THE OPINION OF JUDGE LAMBERTH ENTERED IN THE DISTRICT OF COLUMBIA**

The Court in the District of Columbia took a different approach and quashed the S3H subpoena. (See Exhibit 2). Judge Lamberth looked at the number of cases filed, the frequency at which they were dismissed, and then discerned that the motive for the litigation was not to vindicate the issue of infringement of the works, rather simply to extract settlement payments. Judge Lamberth's eloquent and on-point order speaks for itself.

---

[2] For accuracy, there is no "BitTorrent file network", rather there is the internet with file contents that are transferred using the bittorrent protocol.

NOTICE OF APPEARANCE

Given that this Court is free to modify the earlier orders when new facts or decisions are presented, DOE respectfully reconsideration of its earlier order allowing service on the ISP and quash the subpoena on AT&T.

    c.    **IF S3H ARGUES COBBLER DOE NOT APPLY, DOE REQUESTS A FULL EVIDENTIARY HEARING ON THE *EX-PARTE* MOTION**

S3H may argue that *Cobbler* did not change the law in the Ninth Circuit with regard to bittorrent litigation or that this case is different than Cobbler.   If that is the case, then DOE requests a full evidentiary re-hearing on the facts presented to this Court in their *Ex-Parte* motion.   The basis for this request is that an evidentiary hearing on S3H's bittorrent monitoring can the Court understand if it is accurate enough to step outside the four corners of *Cobbler.*

It is the nature of the adversarial system that the Court that facts can be contested at each stage of the proceedings.  DOE has not had an opportunity to examine and object to the facts presented by declaration of the witnesses in support of the *Ex-Parte* motion prior to the ruling on the motion.

**IV.    CONCLUSION**

Only a handful of studios use the, "sue and settle" business model to improve their bottom lines.  S3H is the most recent entrant having sued thousands in less than a year.  And this is not the only type of industry that does this: serial ADA lawsuits, Prop65 lawsuits, etc.

The difference here is that under the law, a Court has the discretion to allow discovery. The Ninth Circuit says this type of discovery is not warranted.  And even if Judge Lamberth's opinion is harsh, it is accurate.

//

//

//

NOTICE OF APPEARANCE

Therefore, DOE respectfully requests that this Court reconsider its Order at Docket 7 and Quash the Subpoena on AT&T.

Respectfully Submitted

Dated: December 16, 2018

J. Curtis Edmondson
Edmondson IP Law
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Email: jcedmondson@edmolaw.com
Attorney for DOE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2018, I served a copy of the foregoing *Motion to Quash* by mail and CM/ECF on the following (below):

Lincoln Bandlow
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067

_____
J. Curtis Edmondson

NOTICE OF APPEARANCE