J. Curtis Edmondson, CSB# 236105
Edmondson IP Law
Venture Commerce Center
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) Case No.: 2:18-cv-02637-MCE-CKD |
| Plaintiff, | ) **REPLY TO DEFENDANT STRIKE 3 HOLDING'S OPPOSITION RE MOTION TO QUASH THE SUBPOENA ON AT&T AND FOR A MODIFICATION OF THE ORDER AT DOCKET 7** |
| vs. | |
| JOHN DOE subscriber assigned IP address 99.185.0.103 | |
| Defendant | ) Judge: Hon. Carolyn K. Delaney<br>) Hearing Date: Wed, February 20, 2019<br>) (rescheduled at Docket 14 per order).<br>) Hearing Time: 10am |

## INTRODUCTION

District courts have increasingly scrutinized the practices of Strike 3 Holdings, LLC ("S3H") and similar plaintiffs, and "their swarms of lawyers [who] hound people who allegedly watch their content through Bittorrent, an online service enabling anonymous users to share videos despite their copyright protection." *See, e.g., Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.180.154.14*, No. CV 18-1425, 2018 WL 6027046, at *1 (D.D.C. Nov. 16, 2018); *see also Cook Prods., LLC v. Swanicke*, No. C16-1884 TSZ, 2018 WL 5112628, at *2 (W.D. Wash. Oct. 19, 2018) (directing plaintiff to show cause why the court should not dismiss its complaint for failure to state a claim).

REPLY IN SUPPORT OF MOTION TO QUASH

Page 1

Recently, these practices caught the attention of the Ninth Circuit, which unambiguously held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). A plaintiff must allege "something more" to cross "the line between possibility and plausibility of entitlement to relief." *Id*. at 1145 & 1147 (quotation omitted).

S3H has failed to allege a plausible claim against Doe because the sole allegation tying Doe to the alleged infringement is Doe's IP address. Indeed, the allegations here are nearly identical to the allegations the Ninth Circuit found were deficient in *Cobbler Nevada*. S3H, like Cobbler Nevada, failed to plead facts that could support "something more" than Doe's status as subscriber of the IP address associated with the alleged transmission of a Strike motion picture.

In the Ninth Circuit, early discovery is not appropriate when the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, *infra*; *see also Breaking Glass Pictures, LLC v. John Does 118-162*, *infra.* Because S3H has not alleged enough facts to support its Complaint, it cannot engage in discovery. Doe's motion to quash should be granted.

## REPLY ARGUMENT

The standard of review for either granting or denying an *ex-parte* motion to quash is abuse of discretion. *Mattel Inc. v. Walking Mountain Productions,* 353 F.3d 79, 8132 (9th Cir., 2003) involving a copyright dispute over the SFMOMA art exhibit "Food Chain Barbie".

A.  **The geotechnology S3H used is flawed.**

S3H admits that it uses geolocation technology to trace an IP address to a jurisdiction. Dkt. 1 ¶ 9. "This method is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another." *Strike 3 Holdings, LLC*, 2018

WL 6027046, at *1 (citing James Temple, *Lawsuit Says Grandma Illegally Downloaded Porn*, S.F. Chron. (July 15, 2011, 4:00 AM), https://www.sfgate.com/business/article/Lawsuit-says-grandma-illegally-downloaded-porn-2354720.php. These flaws led the D.C. district court to conclude that using geolocation technology to infer "the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show." *Strike 3 Holdings, LLC*, 2018 WL 6027046, at *1.

S3H argues that the Court should disregard the D.C. district court's adverse ruling in *Strike 3 Holdings* because S3H has appealed the decision. Doe disagrees. The D.C. district court's decision is far from an outlier. As part of a growing trend, courts have grown wise to the problems inherent to geotechnology. *See, e.g., Cook Prods., LLC*, 2018 WL 5112628, at *2 (explaining that public access to WIFI networks "illustrate why an IP address cannot itself be used to state a plausible claim of copyright infringement"); *Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) (dismissing direct infringement claim where plaintiff did not "provide specific facts tying the named defendant to the infringing conduct" and instead merely alleged that the defendant's IP address "was observed infringing Plaintiff's motion picture").

The gaps in geotechnology noted in *Strike 3 Holdings* and *Cook* are alone germane to whether the Court should reconsider its decision to allow discovery. However, even if the Court does not find these cases to be persuasive, as discussed below, under binding Ninth Circuit precedent, Doe's motion must be granted.

**B.    *Cobbler Nevada, LLC v. Gonzales***

In *Cobbler Nevada*, the Ninth Circuit affirmed a district court's dismissal of an infringement claim against an IP address holder whose internet service was accessed by others. 901 F.3d at 1146. There, the court unequivocally held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Id*. at 1145. The Ninth Circuit explained:

> "Internet providers ... can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address." *Id*. at 1146.

As the Ninth Circuit noted, "identifying the IP subscriber solves only part of the puzzle." *Id*. at 1145. "A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Id*. To establish a claim of copyright infringement, a plaintiff "must show that [it] owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." *Id*. at 1146 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)). Without specific facts to show that Gonzales was the infringer, Cobbler Nevada's complaint alleged facts that were "merely consistent with a defendant's liability, ... stop[ping] short of the line between possibility and plausibility of entitlement to relief." *Cobbler Nevada*, 901 F.3d at 1147 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a result, the Ninth Circuit properly concluded that the allegations were not "enough to raise a right to relief above a speculative level." *Cobbler Nevada,* 901 F.3d at 117 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**C.    S3H has not alleged a plausible claim against Doe.**

*Cobbler Nevada* requires the same conclusion here because S3H has failed to plead facts that link infringement to "something more" than an IP address in order to state a plausible claim against Doe. Rather, the allegations purporting to connect Doe to alleged infringement suggest only that the IP address registered to Doe was seen in a BitTorrent swarm. In pertinent part:

> 9.    Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District….
>
> 24.   Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.

REPLY IN SUPPORT OF MOTION TO QUASH

> 25. Plaintiff's investigator, IPP International U.G. ("IPP") established direct TCP/IP connections with the Defendant's IP address….
>
> 26. While Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing Strike 3's motion pictures….

Dkt. 1.

Moreover, these allegations are indistinguishable from those rejected in *Cobbler Nevada*. A true and correct copy of the Second Amended Complaint in *Cobbler Nevada* is attached as <u>Exhibit A</u>. The language in paragraphs 13 through 15 closely resembles the allegations here. The Court may take judicial notice of the Second Amended Complaint in *Cobbler Nevada* because it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986), abrogated on other grounds, *Astoria Fed. Sav. Etc. v. Solimino*, 501 U.S. 104 (1991) (judicial notice of public records whose accuracy cannot reasonably be questioned is proper).

Just as the claims in *Cobbler Nevada* failed because the plaintiff did not allege facts to create a reasonable inference that the defendant in that case was the infringer, so too here, S3H's claims fail because it has not alleged facts that assert more than the possibility that Doe *could have* been responsible for infringement. Under *Cobbler Nevada*, S3H's Complaint would not survive a motion to dismiss.

Early discovery is not appropriate when the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (discovery to identify defendant not appropriate when "the complaint would be dismissed on other grounds"); *see also Breaking Glass Pictures, LLC v. John Does 118-162*, No. CV-13-00600-PHX-ROS, 2013 WL 3930474, at *2 (D. Ariz. July 29, 2013) (disallowing discovery to identify IP subscribers where the complaint, which "contains no factual allegations setting forth that the subscribers were, in

fact, the individuals using the Internet connections at the relevant time," would be subject to dismissal even if the subscribers were identified).

Because S3H's complaint will be dismissed under *Cobbler Nevada*, the motion to quash S3H's subpoena to the internet service provider should be granted.

**D.     The factual differences and distinction in procedural posture between this case and *Cobbler Nevada* are irrelevant.**

S3H's argument that the Court should disregard *Cobbler Nevada's* holding because the question of plausibility arose as part of a motion for attorneys' fees after the district court permitted a subpoena to the ISP lacks any merit. The differences between *Cobbler Nevada* and this case are unavailing. Just weeks ago, in *Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 WL 6446404, at *3 (N.D. Ill. Dec. 10, 2018), a sister court rejected a similar attempt to distinguish *Cobbler Nevada*. Instead, the court concluded that "the Ninth Circuit did not confine its analysis to those facts nor does the Court believe such a narrowing appropriate," and dismissed the complaint, which failed to allege something more than "that Doe is the account holder of the IP address used to download and distribute those movies." *Id*.[1]

Nor does the Ninth Circuit's decision in *Glacier Films* minimize the importance of *Cobbler Nevada*. S3H cherry-picked language from dicta in the opinion that S3H argues endorses early discovery from internet service providers. Dkt. 12 at 10 (citing *Glacier Films (USA), Inc. v. Turchin,* 896 F.3d 1033, 1036, 1038 (9th Cir. 2018)). In actuality, the issue in *Glacier Films* was whether the district court abused its discretion in denying attorney fees to plaintiff, the alleged copyright holder. 896 F.3d at 1037-38. It is not a case about the propriety of early discovery. Even Westlaw has flagged *Glacier Films* as "Distinguished by Cobbler Nevada, LLC v. Gonzales."

---

[1] Another district court reached a different conclusion. *See Strike 3 Holdings, LLC v. Doe,* No. CV 18-2648 (VEC), 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019), but Ninth Circuit decisions are not binding on the courts in the Second Circuit.  Doe respectfully disagrees with the analysis in that decision as contrary to *Cobbler Nevada*.

REPLY IN SUPPORT OF MOTION TO QUASH

Incredibly, S3H goes so far as to suggest that *Cobbler Nevada* supports early discovery, quoting language from the opinion that suggests that an IP address is simply "part of the puzzle" for determining the identity of the infringer. Dkt. 12 at 11 (citing *Cobbler Nevada,* 901 F.3d at 1145). This is a gross mischaracterization of the opinion; in the next sentence, the Ninth Circuit, in no uncertain terms, dictates that "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Cobbler Nevada,* 901 F.3d at 1145.

Finally, S3H's argument that discovery should be allowed because it does not know "what the discovery will reveal" emphasizes why quashing the subpoena is the only appropriate result. Dkt. 12 at 11. Maybe S3H will identify the infringer; maybe it won't. But this position, which relies on pre-*Cobbler Nevada* or out-of-district authority, does nothing more than prove Doe's point. Identifying the infringer does not save S3H's complaint because even if S3H is permitted to uncover Doe's identity, the fact will remain that the only connection S3H will have with Doe is the IP address. That fact is not enough to sustain a complaint for copyright infringement under *Cobbler Nevada*. If S3H cannot sustain its complaint, then it cannot justify discovery. *See Wakefield, supra; see also Breaking Glass Pictures, LLC, supra.*

**E.      Meet and Confer**

Doe's counsel made a good faith attempt to discuss the merits of this case with opposing counsel as to the underlying merits of this case. Counsel for S3H's counsel admits he did not return the email. The subscriber, a retired widow, does not fit the demographic profile of an individual who watches of hard-core pornography.

The goal of any litigation is for the parties to resolve a dispute without expending this Court's valuable time and money with needless law and motion. The problem with suing an "IP Address", see arguments *infra*, is that there is going to be a rough 36 % accuracy rate just based

REPLY IN SUPPORT OF MOTION TO QUASH

Page 7

on Sacramento County census data[2]. When Doe's counsel makes a representation to S3H's counsel that his elderly widow client did not infringe, then plantiff's counsel should request supporting facts[3] and engage to see if the wrong person has been sued. Maybe S3H wants a declaration of non-infringement and the case ends. Maybe S3H wants money. Maybe S3H wants more facts. But, Doe's counsel cannot speculate what S3H wants when an email has not been responded to.

Since S3H's counsel did not return the email, Doe's counsel is faced with the choice of appearing to dismiss the complaint, or simply quashing the subpoena on the ISP. Both are in essence the same motion under *Cobbler*, but quashing the subpoena preserves the identity of the subscriber. No Doe wants their name given to a pornography company by their ISP if the current law does not support such a disclosure.

For the past six years, there has been somewhat of a standard practice for counsel and pro-se's on pornography Bittorrent cases in the EDCA to move to quash subpoena's on an ISP without a meet and confer. The first such cases before this Court were the Ingenuity 13 cases in 2011. *Ingenuity 13, LLC v. Doe* 2:11-mc-00084-JAM-DAD (E.D. Ca 2011). This was followed by the Smash Pictures cases in 2012. *Smash Pictures v. John Doe*, 2:12-cv-00301-JAM-CKD (E.D. Ca 2012). Then CP Productions in 2012. *CP Productions v. Unknown*, 2:12-cv-00616-WBS-JFM (E.D. Ca 2012). Recently Malibu Media in 2016. *Malibu Media v. John Doe*, 2:16-cv-01733-JAM-KJN (E.D. Ca 2016). To the extent that this Court requires a formal meet and confer under the local rules for a pre-service motion to quash a subpoena under R45 for

---

[2] This calculation is based on the average number of 2.76 occupants in a home and assumes one person is the infringer. See https://www.census.gov/quickfacts/sacramentocountycalifornia.

[3] This situation is similar to the case currently pending before Judge Zilly in the Western District of Washington. JOHN DOE subscriber assigned IP address 73.225.38.130, CV 01731 (WD WA. 2017). Like this case, counsel for the police officer tried to resolve the matter informally (See *Id.* Docket 21-2). That email was also ignored..(See *Id*., Edmondson Decl, Docket 21-1). Strike 3 Holdings, LLC then, after more than six months of litigation, dismissed the case against the police officer.

REPLY IN SUPPORT OF MOTION TO QUASH

Page 8

Bittorrent pornography cases, counsel for the Defendant will follow this Court's direction. Counsel for Doe did not intend to disrespect this Court's local rules for following a practice in representing Does in these types of cases in the same way during the past six years.

## CONCLUSION

Based on the foregoing, Doe respectfully requests that the Court grant the motion to quash.

                                                Respectfully Submitted

Dated: January 30, 2019

J. Curtis Edmondson
Edmondson IP Law
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Email: jcedmondson@edmolaw.com
Attorney for DOE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2019, I served a copy of the foregoing *Reply Brief* by CM/ECF on the following (below):

Lincoln Bandlow
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067

J. Curtis Edmondson