UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 99.185.0.103,<br><br>Defendant. | No. 2:18-cv-02637-MCE-CKD<br><br><br><br>ORDER |

Presently pending before the court is Doe defendant's motion to quash the subpoena on AT&T and for a modification of the court's order granting plaintiff's ex parte application. (ECF No. 10.) Plaintiff opposed this motion and defendant replied. (ECF Nos. 12, 15.) This matter came on for hearing on February 20, 2019 at 10:00 a.m., before the undersigned. Lincoln D. Bandlow appeared on behalf of plaintiff and J. Curtis Edmondson appeared on behalf of defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     RELEVANT BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this matter on September 26, 2018, alleging that it holds the copyright on various adult films, and that Doe defendant is infringing on those copyrights by anonymously downloading and distributing Strike 3's films to others using

the BitTorrent protocol. (ECF No. 1 at 1-2.) Plaintiff was only able to identify defendant by his or her IP address. (Id.) In order to acquire the true name and address of defendant, plaintiff brought an ex parte application to engage in expedited discovery and serve a third-party subpoena on defendant's internet service provider ("ISP") AT&T, prior to a Rule 26(f) conference. (ECF No. 6-1 at 6.)

The undersigned determined that good cause existed for plaintiff's ex parte application, and granted plaintiff's application on November 14, 2018. (ECF No. 7.) At the same time, the court included special procedural safeguards to protect defendant's identity and expectation of privacy. (Id. at 5-6.) Plaintiff was directed to serve a copy of the court's order on defendant, which informed defendant that he or she would have "an opportunity to file a motion to quash the subpoena, if there are true and adequate grounds therefor." (Id.) Plaintiff was specifically admonished "that, until permission is given by the court, it is not to reveal the identity of the defendant in or out of court." (Id.)

Plaintiff served the subpoena on AT&T on November 26, 2018. (ECF No. 11.) AT&T has not yet responded. (Id.) On December 7, 2018, attorney J. Curtis Edmonson appeared on behalf of defendant and indicated that defendant seeks an informal conference with the undersigned. (ECF Nos. 8, 9.) However, on December 16, 2018, before the court could schedule an informal conference, defendant filed the pending motion. (ECF No. 10.)

II. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things . . .'" Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

At the same time, when a party files a timely motion to quash, a district court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court "may . . . quash or

modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

"The party seeking to quash a subpoena has the 'burden of persuasion.'" Soto, 282 F.R.D. at 504 (citing Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005).

III. DISCUSSION

    A. Motion to Quash

        1. *Federal Rule of Civil Procedure 45*

Defendant cites to Rule 45(d)(3)(iii), which directs the district court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." (ECF No. 10 at 1.) However, defendant makes no argument regarding how the subpoena in question requires the disclosure of privileged or protected information. Indeed, the court here has taken steps to address defendant's privacy concerns—thereby eliminating the risk of prejudice to an incorrectly identified defendant. Plaintiff may not reveal the identity of defendant in or out of court, until it is granted permission to do so by the court. (See ECF No. 7 at 5-6.)

Therefore, defendant has failed to meet his[1] burden of persuasion to demonstrate that the subpoena here ought to be quashed pursuant to Rule 45. Soto, 282 F.R.D. at 504.

        2. *Ninth Circuit Precedent*

However, defendant's argument does not rest on the Federal Rules of Civil Procedure. Rather, the heart of defendant's argument is that plaintiff's complaint is deficient under the recent Ninth Circuit decision, Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142 (9th Cir. 2018), and that as a result the subpoena should not issue. (ECF No. 10 at 4-6.)

/////

---

[1] The court follows defense counsel's lead and refers to Doe defendant as a male, but acknowledges that defendant has not admitted to a gender at this point. (ECF No. 10 at 3, n.1.)

3

### i. **Defendant's interpretation of <u>Cobbler Nevada</u>**

According to defendant, in this case a motion to quash the subpoena on AT&T and a motion to dismiss the complaint "are in essence the same motion" under <u>Cobbler Nevada</u>. (ECF No. 15 at 8.) Defendant cites to <u>Wakefield v. Thompson</u>, 177 F.3d 1160 (9th Cir. 1999) for the proposition that "[e]arly discovery is not appropriate when the complaint would be dismissed on other grounds." (ECF No. 15 at 5.)

Defendant argues that under <u>Cobbler Nevada</u>, the current complaint would not withstand a motion to dismiss because it does nothing more than name the defendant as "the registered subscriber of an infringing IP address, [which] standing alone, does not create a reasonable inference that he is also the infringer." 901 F.3d at 1145. In support of this, defendant asserts that he is not the proper defendant here, because he "is a widower in his 70s" who "speaks limited English and is unaware of the films at issue . . . [and] has limited experience with computers." (ECF No. 10 at 3.)

As plaintiff points out, however, this argument is unavailing as defendant fails to acknowledge any of the cases that have followed <u>Cobbler Nevada</u> and overstates the relevance of this case in the context of a motion to quash. (<u>See generally</u> ECF No. 12.)

### ii. **Courts' application of <u>Cobbler Nevada</u>**

Squarely on point, the Southern District of New York recently denied a motion to quash under nearly-identical circumstances as here. See <u>Strike 3 Holdings, LLC v. Doe</u>, No. 18-CV-2648 (VEC), 2019 WL 78987 (S.D.N.Y. Jan. 2, 2019). In that matter, a Doe defendant sought to quash Strike 3's subpoena of defendant's ISP, regarding an IP address related to alleged copyright infringement. <u>Id.</u> at *2. Specifically, the defendant argued that Strike 3 had not alleged a sufficient link between the defendant and the IP address at issue because other individuals could have used the defendant's IP address without defendant's knowledge. <u>Id.</u> Like here, the defendant relied on <u>Cobbler Nevada</u> to support his argument. <u>Id.</u> at *3.

Denying the defendant's motion, the Southern District of New York aptly summarized both <u>Cobbler Nevada</u> and how subsequent district court decisions within the Ninth Circuit have dealt with the implications of <u>Cobbler Nevada</u> in the context of a motion to quash a subpoena:

> In that case, a copyright holder sued for infringement but offered no evidence that the defendant was the infringer other than the fact that the defendant was the registered subscriber of an IP address associated with infringing activity. See Cobbler Nevada, 901 F.3d at 1145. The district court dismissed the complaint for failure to state a claim, and the Ninth Circuit affirmed, holding that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer," because other individuals could have used the IP address. Id. The district court, however, considered this argument in the context of a motion to dismiss, not a motion to quash a subpoena. See id. In fact, prior to ruling on the motion to dismiss, the district court allowed the plaintiff to subpoena the defendant's ISP to obtain the defendant's name—just as Plaintiff has done here. See id. Accordingly, following Cobbler Nevada, district courts in the Ninth Circuit have continued to allow plaintiffs to subpoena ISPs for defendants' contact information, reasoning that the defendants' defenses to the claims are more properly resolved during a later-stage motion to dismiss. See, e.g., Strike 3 Holdings, LLC v. Doe (70.95.96.208), No. 18-CV-2720, 2018 WL 6649504, at *3 (S.D. Cal. Dec. 18, 2018); Pl.'s Resp. Mem. of Law, Dkt. 19, Ex. A (citing Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 67.170.214.219, No. 18-cv-02019, Doc. 29, at 6 (N.D. Cal. Sept. 14, 2018)).

Strike 3, No. 18-CV-2648 (VEC), 2019 WL 78987, at *3.

Even more recently, the Northern District of California denied a motion to quash under nearly-identical circumstances. See Strike 3 Holdings, LLC v. Doe, No. 4:18-CV-04993-KAW, 2019 WL 468816 (N.D. Cal. Feb. 6, 2019). In that matter, a Doe defendant sought to quash Strike 3's subpoena of defendant's ISP "seeking the subscriber information for the IP address that [Strike 3] ha[d] connected to the alleged infringement of its copyrights in pornographic films." Id. at *1. The defendant claimed innocence "contend[ing] that the subscriber's router is not secure, that there was a 'false positive' on the IP address, and that the device with the subject IP address cannot be found at the subscriber's location." Id. at *2. Like here, the defendant ineffectively relied on Cobbler Nevada. Id.

Denying the defendant's motion, the Northern District of California aptly observed:

> While any of these defenses may prove to be true, at this juncture, Plaintiff is simply attempting to ascertain the subscriber's identity. Thus, Defendant's reliance on Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142 (9th Cir. 2018) to preclude discovery based on factual innocence is misplaced. (Def.'s Mot. at 4.) Indeed, in Cobbler, the district court permitted the plaintiff to subpoena the ISP for the defendant's identifying information, conduct an initial investigation

|   |   |
|---|---|
| 1 | into the defendant, and even depose the defendant. 901 F.3d at 1145. |
| 2 | To the extent that Defendant is concerned that his identity will be made public, his privacy concerns have already been addressed by the Court. Specifically, in granting Plaintiff's ex parte request, the Court required that the subscriber's name not be made public and, to the extent used in court filings, required that it be redacted and filed under seal. |

Strike, No. 4:18-CV-04993-KAW, 2019 WL 468816, at *2.

        iii.    **Limited discovery of a Doe defendant's identity**

Additionally, Cobbler Nevada did not disturb the Ninth Circuit's decision in Glacier Films (USA), Inc. v. Turchin, 896 F.3d 1033 (9th Cir. 2018). In Glacier Films, the Ninth Circuit considered whether the district court had abused its discretion in denying attorneys' fees to Glacier Films under circumstances in which the defendant had admitted to unlawfully downloading and distributing Glacier Films' copyrighted content using the BitTorrent protocol. Id. In holding that the district court had abused its discretion, the Ninth Circuit observed that the District of Oregon had adopted a practical solution to deal with a glut of such copyright infringement cases in which Doe defendants had allegedly used the BitTorrent protocol to unlawfully download and distribute copyrighted content. Id. at 1036. The process endorsed by the Ninth Circuit included "allow[ing] copyright holders to seek limited discovery from an Internet Service Provider to establish a potential infringer's identity. . ." just as the court has allowed Strike 3 to do here. Id.

Moreover, defendant's reliance on Wakefield, 177 F.3d 1160 is misplaced. Decided nearly two decades before Cobbler Nevada, Wakefield was a § 1983 action in which an inmate alleged that a Doe defendant had violated his Eighth Amendment rights, and in which the Ninth Circuit determined that the district court had erred in dismissing the inmate's complaint because he had stated a viable claim against the Doe defendant. 177 F.3d at 1165. In so holding, the Ninth Circuit observed the general rule that "where the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. at 1163.

1  Importantly, however, Wakefield did not set forth the factual circumstances under which such

2  discovery should not be allowed, as the Ninth Circuit found that the district court had erred in

3  dismissing Wakefield's complaint.

4  Defendant cites to no case in which the Ninth Circuit has denied discovery under this rule.

5  Rather, defendant cites to a single case from the District of Arizona from 2013, in which early

6  discovery was disallowed because plaintiff had not "stated plausible claims against the [internet]

7  subscribers" who had allegedly engaged in copyright infringement. See Breaking Glass Pictures,

8  LLC v. John Does 118-162, No. CV-13-00600-PHX-ROS, 2013 WL 3930474, at *2 (D. Ariz.

9  July 29, 2013). However, this case is an outlier that is not representative of case law after

10  Cobbler Nevada. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 19-CV-00160-EMC, 2019 WL

11  591459 at *3 (N.D. Cal. Feb. 13, 2019) ("Plaintiff may immediately serve a Rule 45 subpoena on

12  AT&T to obtain the true name and address of the Doe Defendant at IP address 99.99.32.152");

13  Strike 3, No. 4:18-CV-04993-KAW, 2019 WL 468816 at *2 ("Defendant's reliance on Cobbler

14  Nevada . . . [to support its motion to quash] based on factual innocence is misplaced"); Strike 3

15  Holdings, LLC v. Doe 70.95.96.208, No. 18-CV-2720-GPC(WVG), 2018 WL 6649504 at *3

16  (S.D. Cal. Dec. 18, 2018) ("Plaintiff may serve a Rule 45 subpoena on Spectrum seeking only the

17  true name and address of the subscriber associated with the IP address 70.95.96.208 during the

18  time period of the allegedly infringing conduct described in Plaintiff's Complaint").

19  Further, Glacier Films and Cobbler Nevada were each decided after Wakefield and the

20  2013 case from the District of Arizona. In these later cases, the Ninth Circuit—at least tacitly—

21  approved of a subpoena of an ISP, under strikingly similar circumstances to those before the court

22  today. See Glacier Films, 896 F.3d at 1036 ("the United States District Court for the District of

23  Oregon sought a practical solution and established special procedural rules . . . allow[ing]

24  copyright holders to seek limited discovery from an Internet Service Provider to establish a

25  potential infringer's identity"); Cobbler Nevada, 901 F.3d at 1145 ("Cobbler Nevada filed suit

26  against the unknown holder of the IP address—named in the complaint as Doe-24.21.136.125—

27  for direct and contributory copyright infringement. Records subpoenaed from Comcast identified

28  . . . the subscriber of the internet service associated with the IP address").

1 In summary, defendant's reliance on Cobbler Nevada is misplaced and inapposite for the
2 same reasons outlined by the Southern District of New York and the Northern District of
3 California. At this point in the litigation, plaintiff has made an adequate showing of the need to
4 subpoena defendant's ISP and nothing in Cobbler Nevada prevents such targeted discovery prior
5 to a Rule 26(f) conference. To the extent that defendant alleges factual innocence, such a
6 consideration is premature and may be raised in a motion to dismiss. The whole purpose of the
7 targeted discovery here is to allow plaintiff to determine whether it can obtain the identity of the
8 proper defendant. Additionally, the court has taken steps to protect Doe defendant's identity and
9 he will not be prejudiced by allowing plaintiff to carry out the subpoena as ordered. (See ECF
10 No. 7.)

### B. Motion for Modification of Order Granting Ex Parte Application

Defendant also asserts that the court should not have granted plaintiff's ex parte application in the first instance, citing to a case in which the District of Columbia denied a similar ex parte application from Strike 3, finding that "Strike 3 is . . . a copyright troll." Strike 3 Holdings, LLC v. Doe, --- F. Supp. 3d ---, 2018 WL 6027046 at *1 (D.D.C. Nov. 16, 2018). Not only is this out-of-district case not binding on this court, but its holding is of limited persuasive value. The case is currently being appealed and it is out-of-line with cases from sister courts within the Ninth Circuit. As explained, since Cobbler Nevada, district courts within the Ninth Circuit have granted ex parte applications under nearly-identical circumstances as those before the court here. See, e.g., Strike 3, No. 19-CV-00160-EMC, 2019 WL 591459; Strike 3, No. 4:18-CV-04993-KAW, 2019 WL 468816; Strike 3, No. 18-CV-2720-GPC(WVG), 2018 WL 6649504.

Therefore, to the extent that defendant requests that the court reconsider its order granting plaintiff's ex parte application, the court finds no grounds for reconsideration.

### C. Evidentiary Hearing

Defendant also requests an evidentiary hearing on the facts presented by plaintiff in the ex parte motion. (ECF No. 10 at 6.) There is no basis for such a hearing at this juncture. As explained, defendant's challenges—which essentially attack the sufficiency of the complaint—are premature and may be raised in a motion to dismiss. Indeed, by allowing plaintiff to proceed with

| | |
|---|---|
| 1 | the subpoena here, the court |
| 2 | |
| 3 | > is neither precluding the Doe Defendant from filing a motion to dismiss under Rule 12(b)(6) nor prejudging any such motion. The Court also advises Plaintiff that, upon obtaining the name and address of the Doe Defendant, it has a Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should be mindful of the Ninth Circuit's recent holding that "a bare allegation that a defendant is the registered subscriber of an Internet Protocol ("IP") address associated with infringing activity is [in]sufficient to state a claim for direct or contributory infringement." |

Strike 3, No. 19-CV-00160-EMC, 2019 WL 591459, at *2, n.1 (citing Cobbler Nevada, 901 F.3d at 1144.)

D. Request to Stay

Finally, at the hearing, defense counsel indicated that he intends to file an interlocutory appeal of the court's order denying the motion to quash, and requested that the court consider staying the matter pending such an appeal. Because defendant's request to stay this matter was not properly brought before the court, it will not be considered at this time. See E.D. Cal. L.R. 230.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to quash the subpoena on AT&T and for a modification of the court's order granting plaintiff's ex parte application (ECF No. 10) is DENIED.

Dated: February 26, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE